UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BREITHAUPT,<br><br>   Plaintiff,<br><br>  vs.<br><br>MATT NEWBERG, JOHN HENRY, AND THE GARFIELD COUNTY SHERIFF'S OFFICE<br><br>   Defendants. | NO. 2:14-cv-344-JLQ<br><br>ORDER RE: SUFFICIENCY OF COMPLAINT and CLOSING OF FILE |

    BEFORE THE COURT is Plaintiff's Complaint (ECF No. 3 & 7). Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP") by Order of Magistrate Judge John T. Rodgers. (ECF No. 6). When a *pro se* litigant is proceeding IFP this court must review the complaint to determine if it is legally sufficient. The court must dismiss the case if Plaintiff has raised claims that are "frivolous or malicious;" that fail to state a claim upon which relief can be granted; or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    It appears that Plaintiff was brought before Judge John R. Henry in Garfield County District Court on October 16, 2014 on drug possession charges, with the State of Washington being represented by County Prosecutor Matt L. Newberg. Plaintiff cites the state case number as 14-C08003. Plaintiff alleges numerous federal and state claims based on this prosecution. Most derive from Mr. Breithaupt's allegation that neither Judge Henry nor Mr. Newberg have updated oaths of office kept at the Garfield County Auditor's Office, as required by RCW 36.16.040. Consequently, Mr. Breithaupt claims all action taken against him by either the judge or prosecutor was unlawful.

ORDER - 1

Federal courts rarely interfere with state criminal prosecutions and only exercise such power "'to prevent irreparable injury to the plaintiff who seeks aid.'" *Younger v. Harris*, 401 U.S. 37, 46 (1971)(quoting *Beal v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 49 (1941)). The "*Younger* doctrine of non-intervention" is based on "'a proper respect for the state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways.'" *Juidice v. Vail*, 430 U.S. 327, 334 (1977)(quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601 (1975)).

The Ninth Circuit has explained that "Supreme Court precedent tells us that comity is the main reason for federal court restraint in the face of ongoing state judicial proceedings, and another is to avoid unwarranted determinations of federal constitutional law. For these reasons, federal courts should almost never enjoin state criminal proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). Specifically in that case, which is relevant to Mr. Breithaupt's Complaint, the court held that "*Younger* principles apply in an action pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests;  and the federal plaintiff is not barred from litigating his federal constitutional issue in that proceeding." *Id*. at 984. Mr. Breithaupt can raise his lack of oath allegations in the state court.

Mr. Breithaupt's Complaint derives from his state criminal prosecution. The court finds that the *Younger* doctrine and its progeny apply and thus will not interfere with the state proceeding. After concluding that the *Younger* doctrine applies, a court must next determine whether to dismiss or stay the complaint. That determination turns on whether the plaintiff seeks an injunction or money damages. As the Ninth Circuit outlined in *Gilbertson*:

ORDER - 2

When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding. Once it is determined that an injunction is not warranted on *Younger* grounds, there is nothing more the federal court to do. Hence, dismissal (and only dismissal) is appropriate. But when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending. This allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice.

*Gilbertson*, 381 F.3d, at 981 (emphasis in original).

Here, Mr. Breithaupt does not list a money demand on the Civil Cover Sheet, yet towards the end of the Complaint, arbitrarily cites his damages as "$7,000,000.00 for any and all damages and injuries I have suffered." Rather than an injunction, Mr. Breithaupt also asks for "the Attorney General or one of his deputies, or a State Attorney" to "prosecut[e] this as a criminal case." Therefore, it appears that the only cognizable relief requested is monetary. Under *Gilbertson*, the Complaint must be stayed pending resolution in state court.

**IT IS HEREBY ORDERED:** Plaintiff's Complaint (ECF No. 3 & 7) is STAYED pending resolution of the Garfield County prosecution. The Clerk shall close this file subject to reopening upon good cause shown. The Plaintiff shall promptly notify this court of the resolution of the Garfield County action against him and the disposition thereof. Failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish a copy to Plaintiff and Garfield County Prosecuting Attorney Matt Newberg.

**DATED** this 5th day of November, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3